UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                          CIVIL ACTION

VERSUS                                                 NO. 13-4976

JAMES M. LEBLANC ET AL.                                SECTION "C"(2)

## ORDER AND REASONS

Pro se plaintiff Baron Johnson is an inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections, Secretary James LeBlanc, Linda Ramody, the State of Louisiana, Warden Burl Cain, Assistant Warden Tim Delaney, Dr. Gamble and Governor Bobby Jindal. Plaintiff alleges that he has been subjected to physical and sexual abuse by other inmates and officials, and that he has been denied proper medial care in the Louisiana State Penitentiary. Record Doc. No. 1 (Complaint). He requests monetary compensation and injunctive relief. Id.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v.

---

[1] The court has instructed the Clerk of Court by separate order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Middle District of Louisiana. This plaintiff has a history of malicious and vexatious filings in the Western District of Louisiana for which he has been previously sanctioned. Baron Johnson v. James M. LeBlanc, et al., C.A. 10-1064-RGJ-CMH (W.D. La. 2010)

Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

The events forming the factual basis of plaintiff's claim allegedly occurred in the Louisiana State Penitentiary in Angola, Louisiana, which is located within the boundaries of the Middle District of Louisiana. No defendant is alleged to reside in or to be located within the Eastern District. Venue is not proper in the Eastern District of Louisiana. On the other hand, the court finds that venue is proper in the Middle District of Louisiana and the interests of justice dictate that this case be transferred, rather than being dismissed on grounds of improper venue. A magistrate judge is authorized to transfer

to another district a complaint asserting claims based upon events occurring in that district.  Balawajder, 160 F.3d at 1067.

It is therefore **ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this ____12th____ day of July, 2013.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE